UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                  :

BEN POTTER, *individually and on behalf of all others*  :
*similarly situated*,                 :
                  :

         Plaintiff,       :       26-CV-1956 (JMF)
                  :

    -v-             :      <u>MEMORANDUM OPINION</u>
                  :         <u>AND ORDER</u>

MONDAY.COM LTD. et al.,       :
                  :

         Defendants.    :
                  :

-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On March 10, 2026, Plaintiff Ben Potter filed a putative class action lawsuit on behalf of

all investors who purchased or otherwise acquired monday.com Ltd. ("monday.com") common

stock between September 17, 2025, to February 6, 2026. ECF No. 1 ("Compl."), ¶ 1. The

Complaint alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934,

15 U.S.C. § 78a *et seq.*, and Rule 10b-5, promulgated thereunder. *See* Compl. ¶¶ 61-76. On

May 11, 2026, five movants filed competing motions for appointment as lead plaintiff and

approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the

"PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A)(i). *See* ECF Nos. 16, 20, 23, 26, 30. One movant later

withdrew her motion, *see* ECF Nos. 34, 40, and another implicitly threw in the towel by failing

to file any opposition to the other motions, *see* ECF No. 23, leaving three: those filed by Samir

Sheikh, *see* ECF No. 20; Steve Quinn, *see* ECF No. 26; and John Farrell, *see* ECF No. 30.

The PSLRA directs courts to presume that the most adequate lead plaintiff is the movant

who, "in the determination of the court, has the largest financial interest in the relief sought by

the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil

Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii).  The statute does not define "largest financial interest," but "courts have generally relied on" four factors identified in *Lax v. First Merchants Acceptance Corp.*, No. 97-CV-2715 et al., 1997 WL 461036 (N.D. Ill. Aug. 11, 1997), commonly known as "the *Lax* factors," *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 475 (S.D.N.Y. 2011); *see, e.g.*, *Hom v. Vale, S.A.*, No. 15-CV-9539 (GHW), 2016 WL 880201, at *3 (S.D.N.Y. Mar. 7, 2016); *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127-28 (S.D.N.Y. 2011).  The four factors are: "(1) the number of shares purchased; (2) the number of net shares purchased; (3) total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs." *Richman*, 274 F.R.D. at 475.  Courts tend to treat the factors in ascending order of importance, with the size of the loss being the most important, but each factor is "only a proxy — and an imperfect one — for determining" which applicant for lead plaintiff has "the largest financial interest." *Id.* at 476.

Here, the movants' opening briefs indicate that the movant with "the largest financial interest in the relief sought by the class" is Quinn.  15 U.S.C. § 78u-4(a)(3)(B)(iii); *see* ECF No. 37, at 2; *see also* ECF No. 21, at 6; ECF No. 27 ("Quinn Mem."), at 5; ECF No. 32, at 6.  In his opposition memorandum of law, however, Farrell switches gears to argue that losses should be calculated "consistent with the loss-causation principles articulated in the seminal case *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005)." ECF No. 38 ("Farrell Opp'n"), at 2. Farrell asserts that, so calculated, his losses are greater than Quinn's. *See id.* at 2-5.  But putting aside whether the Court should even consider Farrell's midstream change in theory, *see, e.g.*, *Cook v. Allergan PLC*, No. 18-CV-12089 (CM), 2019 WL 1510894, at *3 (S.D.N.Y. Mar. 21, 2019) (expressing skepticism of a similar shift in theory between a lead plaintiff movant's opening brief and opposition), Farrell's new calculations are unsubstantiated and do not

withstand scrutiny, *see* ECF No. 41 ("Quinn Reply"), at 3-4.  That is, even if "*Dura* LIFO" were the proper way to calculate losses, Quinn would still earn the title of biggest loser among the movants.  *See id.*; *see also* ECF No. 42-1 (chart reflecting Quinn's relevant transactions).

In the alternative, Farrell and Sheikh attack Quinn on the ground that he fails to provide sufficient information to demonstrate his adequacy under Rule 23.  *See* ECF No. 35 ("Sheikh Opp'n"), at 3-5; Farrell Opp'n 8-10.  Sheikh goes further, citing public records revealing that "a 'Stephen John Quinn' residing in Kirkland, Washington" — where Quinn lives — incurred "several criminal infractions, including a charge for forgery with a guilty disposition."  Sheikh Opp'n 4.  But Quinn's reply papers put these contentions to rest, clarifying that he is not the "Stephen John Quinn" referred to in Sheikh's opposition.  *See* Quinn Reply 5; *see also* ECF No. 43 ("Quinn Decl.").  Instead, his full legal name is Stephen Joseph Quinn, he is sixty-one years old, he works as a Senior Vice President for a software development company, and he has been investing in the stock market for approximately thirty years.  *See* Quinn Decl. ¶ 2.  Granted, Quinn could have — and should have — included all of these details in his initial moving papers.  But the details, even if belatedly submitted, are, when combined with Quinn's opening memorandum, sufficient to establish that he  "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii); *see* Quinn Mem. 6-7.

For the foregoing reasons, Quinn is appointed as lead plaintiff, and Scott+Scott ("S+S") and the Schall Law Firm — his counsel — are appointed as lead counsel.  **As a result, the hearing scheduled for May 27, 2026, is CANCELED as unnecessary**.  Per the Court's Order of March 19, 2026, lead counsel and Defendants shall confer and file a stipulation and proposed order **no later than two weeks from the date of this Memorandum Opinion and Order** proposing a schedule going forward.  ECF No. 14.

The Clerk of Court is directed to update the docket to reflect the appointment of Quinn as lead plaintiff, to conform the docket to the caption of this Memorandum Opinion and Order, and to terminate ECF Nos. 20, 23, 26, and 30.

SO ORDERED.

Dated: May 26, 2026
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

4